# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1262 | **DATE** | 4/5/13 |
| **CASE TITLE** | Kermit Leaks (2012-0421058) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Plaintiff's motion for appointment of counsel (Dkt. No. 3), is denied. The Court authorizes and orders Cook County Jail officials to deduct $11.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a Judge's copy and service copies) limited to a single, core claim in accordance with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit a proposed amended complaint within thirty days will result in summary dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Kermit Leaks, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. He claims that medical officials at the jail were deliberately indifferent to his objectively serious medical needs. He also claims that jail correctional officers used improper force. These two claims arise from different incidents. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for assistance of counsel. (Dkt. No. 3).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $11.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States

| STATEMENT |
|---|

District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of plaintiff's complaint, (Dkt. No. 1), plaintiff has brought two sets of unrelated claims regarding his treatment at the Cook County Jail. This is unacceptable. A detainee is limited to one core group of related claims per suit under the Prison Litigation Reform Act and the Federal Rules of Civil Procedure. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's deliberate indifference claim against the medical officials is unrelated to the improper force claim against the correctional officers. Plaintiff cannot proceed with them in one suit.

Thus, plaintiff's complaint is dismissed without prejudice. The plaintiff must choose a one of these two claims to proceed with in this case number, the medical claim or the assault claim. The other claim along with any other additional claims the plaintiff wishes to prosecute must be brought in separate lawsuits. He should also be aware that he will be responsible for a new filing fee and must comply with the requirements of the PLRA for each new suit he brings. It would be in plaintiff's best interest to conduct preliminary research into his claims before refiling them in a new suit.

The plaintiff is granted thirty days from the date of this order to submit a proposed amended complaint on the Court's required form. The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that the proposed amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the Court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.

Plaintiff's motion for appointment of counsel (Dkt. No. 3), is denied. Counsel is not required when considering the complexity of the case and plaintiff's abilities. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). This is a routine case, a type that is often litigated by pro se prisoner plaintiffs. Plaintiff has successfully participated in motion practice and submitted a complaint. Counsel is not needed at this time when considering the facts of the case and

| **STATEMENT** |
|---|
| plaintiff's abilities. |