Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1262 | **DATE** | 5/22/13 |
| **CASE TITLE** | Kermit Leaks (2012-0421058) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Clerk is instructed to file plaintiff's amended complaint (Dkt. No. 6). The Clerk is instructed to issue a summons for service on Defendant Dart. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Dart. Defendants Cook County Jail, Cermak Health Services, Dr. Manilla, and Sergeant Konick are dismissed. Plaintiff may only proceed against the Doe defendants in their individual capacity. Plaintiff's official capacity claims are dismissed. Sheriff Dart remains in the case solely so that plaintiff may identify the John and Jane Doe defendants. Plaintiff's motion for reconsideration (Dkt. No. 7) of the denial of his request for attorney assistance is denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Pro se plaintiff Kermit Leaks, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are an initial review of plaintiff's proposed amended complaint (Dkt. No. 6), under 28 U.S.C. § 1915A, and plaintiff's motion for reconsideration of the Court's denial of his request for attorney assistance. (Dkt. No. 7).

Plaintiff alleges that he suffered from pneumonia at the Cook County Jail. He was treated by a John Doe doctor he refers to as "Mr. Ed," and Jane Doe nursing staff at the Jail. The doctor and nurses allegedly willfully ignored plaintiff's pneumonia symptoms and failed to follow proper medical protocols. Instead, they simply responded that he had a common cold. Plaintiff plausibly alleges that the doctor and nurses' actions were "'so far afield of accepted professional standards as to raise the inference that [they] were not actually based on a medical judgment.'" *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). Plaintiff may proceed with a deliberate indifference claim against the John and Jane Doe doctor and nurses in their individual capacities.

Defendants Cook County Jail and Cermak Health Services are dismissed because they are not proper defendants. *Menedez v. Cook County Jail*, No. 12 C 8517, 2012 WL 5342384, at *1 (N.D. Ill. Oct. 26, 2012) (citing *Castillo v. Cook County Dep't of Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993)). Plaintiff also cannot proceed with an individual capacity claim against

## STATEMENT

Sheriff Tom Dart or Dr. Manilla, the director of Cermak Health Services. Plaintiff claims that Dart and Manilla had personal knowledge of his situation. However, the complaint does not plausibly suggest that Dart or Manilla had any personally involved in causing the alleged constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Their status as supervisors is not sufficient by itself to establish personal liability. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)).

Additionally, plaintiff names the John and Jane Doe defendants in their official and individual capacity. Plaintiff cannot proceed with an official capacity claim. A claim in the official capacity is, in actuality, against their employer, Cook County. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Plaintiff cannot proceed with a claim against Cook County because he fails to plausibly allege that the alleged constitutional violation occurred pursuant to an official county policy or practice. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). As mentioned above, plaintiff may only proceed against the John and Jane Doe defendants in their individual capacity.

Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the officer as a John Doe is ultimately insufficient. He cannot obtain service on the Doe defendant, he must determine his name. Sheriff Dart remains as a defendant solely so that plaintiff may identify the John and Jane Doe defendants. Once an attorney has entered an appearance on Sheriff Dart's behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns the Doe defendant's identity, he may submit a proposed amended complaint that names the Doe defendants under his or her actual names. Summonses will then issue for service on the defendant who allegedly injured plaintiff and Sheriff Dart will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Doe Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

## STATEMENT

The Clerk is instructed to issue a summons for service on Defendant Dart. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Dart. Defendants Cook County Jail, Cermak Health Services, Dr. Manilla, and Sergeant Konick are dismissed. Plaintiff may only proceed against the Doe defendants in their individual capacity. Plaintiff's official capacity claims are dismissed. Sheriff Dart remains in the case solely so that plaintiff may identify the John and Jane Doe defendants.

Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, Cook County / Cook County Jail, shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for reconsideration (Dkt. No. 7) of the denial of his request for attorney assistance is denied. The Court properly applied the controlling legal standard to the applicable facts. There is no error in the Court's ruling.